# COURT OF APPEALS
# DECISION
# DATED AND FILED

## July 28, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2021AP1284**
**2021AP1285**
**2021AP1286**
STATE OF WISCONSIN

Cir. Ct. Nos. 2021CV208
2021CV209
2021CV210

## IN COURT OF APPEALS
## DISTRICT IV

---

NO. **2021AP1284**

PATRICK TAGGART, II,

    PETITIONER-RESPONDENT,

  V.

CARY W. TRUDELL,

    RESPONDENT-APPELLANT.

---

NO. **2021AP1285**

TERESA SEXTON,

    PETITIONER-RESPONDENT,

  V.

CARY W. TRUDELL,

    RESPONDENT-APPELLANT.

No. 2021AP1286

ROGER W. ADERHOLD,

    PETITIONER-RESPONDENT,

  V.

CARY W. TRUDELL,

    RESPONDENT-APPELLANT.

APPEALS from orders of the circuit court for Sauk County: TROY D. CROSS, Judge. *Affirmed*.

Before Blanchard, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In these consolidated appeals, Cary Trudell appeals harassment injunction orders issued pursuant to WIS. STAT. § 813.125 (2019-20).[1] Trudell argues that the circuit court did not apply the proper legal standard, that a course of conduct is required to grant an injunction under § 813.125, and that there was insufficient evidence to support a conclusion that Trudell made threats of

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

    Separately, there are multiple persons with the last name Trudell referenced in this opinion. When we use "Trudell" without a first name, this is a reference to Cary Trudell.

physical contact with the petitioners-respondents. We reject these arguments and affirm the orders of the circuit court.

¶2 Petitioners-respondents Teresa Sexton and Roger Aderhold are a married couple who resided next door to Trudell. Trudell's father, Gerald Trudell, was married to Sexton's mother. Trudell's father died intestate on January 25, 2020. The estate included among its assets a parcel of real property located on Roeser Road in Prairie du Sac, Wisconsin.

¶3 Petitioner-respondent Patrick Taggart is an attorney who represented the estate of Gerald Trudell. In May 2020, Taggart contacted one of Gerald's five children, Brad Trudell, to inquire whether he or any of his siblings wanted to purchase the Roeser Road property. After none of the Trudell children expressed interest in purchasing the Roeser Road property, it was sold at auction on November 3, 2020.

¶4 The probate case involving Gerald Trudell's estate was closed on June 3, 2021. On that same day, Trudell came to Taggart's law office and dropped off a fourteen-page letter containing threats against Taggart. Also on June 3, 2021, Sexton discovered in her mailbox a separate threatening letter from Trudell, directed to Sexton and Aderhold. Sexton, Aderhold, and Taggart each filed a petition for a temporary restraining order and injunction hearing in the Sauk County Circuit Court.

¶5 The circuit court held an evidentiary hearing on the petitions. Taggart, Sexton, Aderhold, and Trudell all testified. After hearing their testimony, the circuit court granted all three petitions and issued the requested injunctions, each a duration

of four years. The court also ordered that Trudell surrender all firearms while the injunction is in effect. Trudell appealed.

¶6      The circuit court's decision to grant a harassment injunction is discretionary. **Board of Regents v. Decker**, 2014 WI 68, ¶20, 355 Wis. 2d 800, 850 N.W.2d 112. However, a court may not issue the injunction unless it determines that there are "reasonable grounds to believe" that the respondent has engaged in harassment with intent to harass or intimidate the petitioner. *See* WIS. STAT. § 813.125(4)(a)3.; *see also* **Decker**, 355 Wis. 2d 800, ¶20. This determination of reasonable grounds "presents a mixed question of fact and law." **Decker**, 355 Wis. 2d 800, ¶20. An appellate court will "uphold the factual findings of the circuit court unless they are clearly erroneous." *See **id.*** We conclude, as did the circuit court, that there are reasonable grounds to believe that Trudell engaged in harassment, such that the circuit court properly exercised its discretion in issuing the injunctions. *See **id.***

¶7      Trudell argues that the circuit court erred when it cited WIS. STAT. § 813.125(5)(a)3., which Trudell asserts is "an inapplicable subsection of the statute" governing harassment restraining orders and injunctions. The transcript of the injunction hearing indicates that the court did indeed make a reference to § 813.125(5)(a)3., which sets forth the pleading standard for a petition for harassment injunction. However, we disagree with Trudell's contention that the court's reference to § 813.125(5)(a)3. indicates that the court applied the wrong legal standard. Under § 813.125(5)(a)3., a petition for a harassment injunction shall allege facts sufficient to show "[t]hat the respondent has engaged in harassment with intent to harass or intimidate the petitioner." This is the same standard that is required to grant an injunction under § 813.125(4)(a)3., which as referenced above

requires that a judge or court commissioner determines that there are "reasonable grounds to believe that the respondent has engaged in harassment with intent to harass or intimidate the petitioner." We reject Trudell's argument that the circuit court applied the wrong legal standard in granting the injunctions.

¶8 Separately, Trudell argues that proof of a course of conduct is required in order for a circuit court to grant a harassment injunction under WIS. STAT. § 813.125. Trudell is mistaken. WIS. STAT. § 813.125(1)(am)4. states:

> "Harassment" means any of the following:
>
> **a.** Striking, shoving, kicking or otherwise subjecting another person to physical contact; engaging in an act that would constitute abuse under [WIS. STAT. §] 48.02(1), sexual assault under [WIS. STAT. §] 940.225, or stalking under [WIS. STAT. §] 940.32; or attempting or threatening to do the same.
>
> **b.** Engaging in a course of conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose.

Thus, while "a course of conduct" is one way of proving harassment, it is not the only way. Under § 813.125(1)(am)4.a.-b., harassment also includes "[s]triking, shoving, kicking or otherwise subjecting another person to physical contact" or "attempting or threatening to do the same."

¶9 Trudell goes on to argue that the evidence was insufficient to support a conclusion that he made threats of physical contact, as required under WIS. STAT. § 813.125(1)(am)4.b. The circuit court determined that there were reasonable grounds to believe that Trudell engaged in this type of harassment against each of the petitioners-respondents, and made the discretionary determination to issue the injunctions. A circuit court properly exercises its discretion when it employs a logical rationale based on the correct legal principles and the facts of record. *See*

*Kohl v. Zeitlin*, 2005 WI App 196, ¶28, 287 Wis. 2d 289, 704 N.W.2d 586. When we review a circuit court's discretionary decision, we may independently search the record to uphold its ruling. *State v. Eugenio*, 210 Wis. 2d 347, 363 n.5, 565 N.W.2d 798 (Ct. App. 1997). As explained above, we have concluded that the circuit court employed the correct legal standard for issuing a harassment injunction under § 813.125(4)(a)3. Our independent search of the record also reveals a sufficient factual basis to support the circuit court's decision to grant each of the three injunction petitions.

¶10 The letter delivered by Trudell to Taggart contains ample threats of physical contact. The following are illustrative examples. Trudell threatens Taggart in the letter with "[m]erciless OBLITERATION[,]" and promises to come at him "in Full Beast Mode[.]" Trudell also warns Taggart, "I will dog you to your grave" and "I have already mapped out your demise[.]" Trudell declares that he is "prepared to die on this hill" and that he "will be the lone survivor[,] left burying the dead bodies of my greedy foes[.]" (capitalization removed). "[M]app[ing] out" another's "demise" may be reasonably translated to threaten not just physical contact but harm resulting in death. We agree with the circuit court that these threats, among several others included in the letter, constitute harassment. *See* WIS. STAT. § 813.125(1)(am)4.b.

¶11 Trudell makes fewer, but still numerous, threats to Aderholt and Sexton in the letter he left in their mailbox. Trudell opens the letter by declaring "war" on Aderholt and Sexton. He demands that they move to a different zip code and that, if they do not, Trudell will "hire professionals to clear every inch of the property and burn whatever you leave behind[.]" Trudell writes that Aderholt and Sexton should "reconsider showing [their] faces in public" and warns, "Bad

6

Karma's a bitch and you two have earned a lot of it over the past year, it's gonna take you 2 and 1/2 forevers to get rid of it."  As Sexton and Aderhold assert in their brief, we agree that a reasonable person would be concerned for his or her physical safety reading these threats.  Isolated elements of these statements might not meet the standard, but taken together they are sufficient.  Demanding relocation and declaring a "war" that will last "forever[]," involving the hiring of "professionals," such that even appearing in public is dangerous, may be reasonably translated to threaten physical harm.  Under our discretionary standard of review, we cannot conclude that the circuit court's finding that there were reasonable grounds to believe that Trudell engaged in harassment was clearly erroneous.  *See Decker*, 355 Wis. 2d 800, ¶20.

¶12  In sum, for the reasons stated above, we uphold the harassment injunction orders against Trudell.

*By the Court.*—Orders affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.